## 31118. BROWN v. THE STATE.

GARDNER, J. The defendant was convicted of assault with intent to murder. He filed a motion for a new trial on the general grounds and afterwards added two special grounds. This motion was overruled and the defendant excepted. The sufficiency of the evidence to sustain the verdict is not questioned here.

(a) Special ground 1 assigns error because, as alleged, the defendant did not have the benefit of counsel, as contemplated under the provisions of the constitution. This ground is based largely on the contention that the attorney appointed by the court for the defendant was inexperienced and unfamiliar with the community in which the defendant was tried. The attorney whom the court appointed at the request of the defendant was Remer Denmark, of Savannah, Georgia. The defendant was tried in Screven County. The case was called one morning during court. The attorney was then appointed, and the case was postponed until the afternoon of the same day. When the case was called in the afternoon, he stated to the court that he desired a postponement until the following day for the purpose of conferring with the defendant and obtaining witnesses. When the case was then called, the defendant announced ready, and the case proceeded to trial. The defendant introduced two witnesses. His attorney argued the case. There is no brief of the evidence, but there is a verbatim transcript. We have read this transcript carefully. Judging from interrogations of the witnesses by Mr. Denmark and in view of the entire record, we can not agree that the defendant was not skillfully and ably represented. During the writer's tenure as prosecuting attorney and a trial judge, seasoned attorneys have been observed to have done much worse. After the case had been tried, the defendant convicted, and a motion for a new trial filed, present counsel was procured to prosecute the case on behalf of the defendant. There is no merit in the contention set out in this ground.

(b) Special ground 2 asks a reversal on newly discovered evidence. This evidence is substantially the same as the testimony of the witnesses introduced for the defendant by Mr. Denmark. Substantially, the evidence is wholly cumulative and impeaching. We have no reason to believe that a new trial would result in a different verdict. The evidence for the State shows an unprovoked assault by the defendant, a young man using a pocket knife upon an old man (74 years old), who was unarmed. See the many decisions cited under the Code (Ann.), § 70-204. There are many others to the same effect since those annotations.

The judge did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED FEBRUARY 2, 1946.

J. Henry Howard, for plaintiff in error.
Fred T. Lanier, solicitor-general, contra.